UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20662-CIV-GOODMAN

**[CONSENT CASE]**

THOMAS FRASCA,

    Plaintiff,

v.

NCL (BAHAMAS) LTD., et al.,

    Defendants.

_____/

## ORDER STRIKING REBUTTAL EXPERT WITNESS

Plaintiff Thomas Frasca ("Frasca") asks the Court to strike defendants NCL (Bahamas) Ltd., Norwegian Cruise Lines, and NCL America's (collectively, "NCL") rebuttal expert witness Dr. Ali Yasser El Sergany. [ECF No. 161]. The Court has reviewed the motion, NCL's response [ECF No. 174], and the relevant portions of the record. As explained below, the Court **grants** Frasca's motion and strikes Dr. El Sergany as an **expert witness**. Dr. El Sergany, however, may testify as a **fact witness**.

**I.    BACKGROUND**

This dispute can be traced back to Frasca's untimely production of his liability expert's report. The substance of Dr. Richard Gill's report concerned the purportedly unreasonable and dangerous condition of NCL's ship's deck when wet. [ECF No. 114-1]. For example, Dr. Gill tested and opined on such matters as the safe-slip resistance of the ship's deck and the coefficient of friction. [*Id.*]. NCL moved to strike Dr. Gill because

it said it was unduly prejudiced by the late production of his report. [ECF No. 103]. Frasca conceded he made a mistake, but requested that the Court not strike Dr. Gill. [ECF No. 110]. After holding a hearing, the Court denied NCL's motion to strike but extended NCL's rebuttal expert deadline until January 20, 2014, so that NCL could retain a rebuttal expert **to counter** Dr. Gill's expert opinions. [ECF No. 121].

NCL timely submitted its rebuttal expert witness disclosures, and in addition to identifying a rebuttal expert to Dr. Gill, NCL listed Dr. El Sergany as a rebuttal expert. Dr. El Sergany was the on-board ship physician who treated Frasca. Before January 20, 2014, both Frasca and NCL had identified Dr. El Sergany as a fact witness, but not as an expert witness.

Frasca moves to strike Dr. El Sergany for several reasons. [ECF No. 161]. First, Frasca contends that Dr. El Sergany violated the doctor-patient privilege when he discussed Frasca's medical information with NCL's counsel prior to his deposition. Second, Frasca argues that Dr. El Sergany's disclosure is past the initial rebuttal expert disclosure deadline and was not encompassed by the Court's order relating to Dr. Gill. Finally, Frasca asserts that he is unduly prejudiced by the late disclosure because he was notified **the day after** Dr. El Sergany's deposition and the disclosure does not contain a report from Dr. El Sergany.

NCL contends that there was no violation of the doctor-patient privilege because Dr. El Sergany is an employee of NCL and is permitted to discuss Frasca's medical

2

information with NCL's counsel. NCL also contends that Frasca is not prejudiced because its non-compliance with Federal Rule of Civil Procedure 26 was harmless and Frasca's counsel extensively examined Dr. El Sergany at his deposition. Finally, NCL asserts that because Dr. El Sergany is a treating physician no report is required.

## II.   LEGAL STANDARD

Compliance with Rule 26's expert witness disclosure requirements is mandatory and self-executing. *Lohnes v. Level 3 Commc'ns, Inc.*, 272 F.3d 49, 51 (1st Cir. 2001). The purpose of the rule is to safeguard against surprise. *Thibeault v. Square D Co.*, 960 F.2d 239, 244 (1st Cir. 1992). A failure to comply with the expert witness disclosure requirements may result in the striking of expert reports or the preclusion of expert testimony. *Kendall Lakes Towers Condo. Ass'n, Inc. v. Pac. Ins. Co., Ltd.*, No. 10-24310-CIV, 2011 WL 6372198, at *3 (S.D. Fla. Dec. 20, 2011). Courts routinely strike expert reports or exclude expert testimony which is not timely disclosed, even if the consequence is to preclude a party's entire claim or defense. *See, e.g., Santiago-Diaz v. Laboratorio Clinico y de Referencia del Este*, 456 F. 3d 272, 277-78 (1st Cir. 2006) (affirming preclusion even though the result was to exclude evidence critical to plaintiff's claim); *see generally Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1348-49 (11th Cir. 2004) (excluding untimely expert report).

While preclusion is an appropriate sanction for a failure to comply with the expert witness disclosure requirements, a court has great discretion in deciding whether

3

to impose such a sanction. *Jackson v. Harvard Univ.*, 900 F.2d 464, 468-69 (1st Cir. 1990). In doing so, courts will analyze several factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification for the late disclosure, and the degree of prejudice and whether it can be cured or ameliorated. *MaCaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003).

### III.   ANALYSIS

To ameliorate Frasca's late disclosure of Dr. Gill's expert report, the Court extended NCL's rebuttal expert deadline. [ECF No. 121]. As Frasca points out, the extension of that deadline was for NCL to submit a rebuttal expert to counter Dr. Gill's late-disclosed expert testimony. It was not an extension for NCL to submit general rebuttal experts that could have been (and should have been) disclosed earlier. Indeed, the Court's order refers to NCL's "rebuttal expert," not "rebuttal experts." [*Id.* at p. 2].

Dr. El Sergany is not going to testify regarding the same kind of subjects Dr. Gill is opining on, e.g., slip-safe resistance, coefficient of friction. Rather, Dr. El Sergany is opining on such issues as whether Frasca had "an avulsion of the right hamstring when he examined him." [ECF Nos. 161, p. 16; 174, p. 5]. Thus, Dr. El Sergany is not a rebuttal expert to Dr. Gill, but is instead a general rebuttal expert to Frasca's other experts, who, unlike Dr. Gill, were timely disclosed. As such, in order to justify its late disclosure, NCL must explain why it did not disclose Dr. El Sergany earlier. NCL has provided no

such explanation. Accordingly, the Court finds that NCL's disclosure of Dr. El Sergany as a rebuttal expert is untimely.

The Court also finds that Frasca would be unduly prejudiced by the late disclosure under these circumstances. In particular, NCL allowed Frasca to depose Dr. El Sergany **as a fact witness** on January 19, 2014 **in Hawaii**. At no time before the deposition did NCL's counsel advise Frasca's counsel that he was going to designate Dr. El Sergany as a rebuttal expert. It was not until the day after the deposition that NCL first identified Dr. El Sergany as a rebuttal expert. [ECF No. 174-5]. NCL's argument that Frasca's deposition of Dr. El Sergany as a fact witness would have been the same had Frasca known that Dr. El Sergany was a rebuttal expert is unpersuasive. The deposition of an expert witness and a fact witness are very two different things. Here, for instance, Frasca's counsel did not know to ask questions regarding Dr. El Sergany's yet-to-be disclosed expert opinions.

Finding that the disclosure was late and that Frasca was unduly prejudiced by the late disclosure, the Court finds that it is not possible to cure the prejudice. In the Court's view, the only fair approach is to allow Frasca to take Dr. El Sergany's deposition again in **Hawaii**. The Court, however, declines to order that kind of relief in a case that is less than six weeks away from trial and where discovery has closed and the summary judgment briefing has concluded.

## IV. CONCLUSION

The Court **grants** Frasca's motion and strikes Dr. El Sergany **as an expert witness**.[1] Dr. El Sergany, however, may testify as a *fact* witness.

**DONE AND ORDERED** in Chambers, Miami, Florida, March 12, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

---

[1] Because they are not material to its decision, the Court makes no decision on the following issues: (1) whether Dr. El Sergany violated the physician-patient privilege when he discussed Frasca's medical condition with NCL's counsel, without Frasca's consent; and (2) whether Dr. El Sergany is a treating physician under Rule 26.

6