**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 12-20662-CIV-GOODMAN**

**[CONSENT CASE]**

THOMAS FRASCA,

     Plaintiff,

v.

NCL (BAHAMAS) LTD., et al.,

     Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff Thomas Frasca ("Frasca") has requested the Court to reconsider its order denying his motion to compel defendants NCL (Bahamas) Ltd., Norwegian Cruise Lines, and NCL America (collectively, "NCL") to produce information regarding prior slip and falls. [ECF No. 166]. The Court has reviewed the motion, NCL's response [ECF No. 175], and the relevant portions of the record. For the reasons outlined below, the Court **denies** Frasca's motion.

**I.     BACKGROUND**

In February 2012, Frasca filed this action seeking damages for injuries he sustained after a slip and fall while on a cruise aboard NCL's vessel *Pride of America.* [ECF No. 1]. Frasca alleged that he slipped and fell because of liquid on the deck and that NCL was negligent because it knew, or should have known, of this dangerous condition but failed to warn him. [*Id.* at ¶ 10].

In February 2013, Frasca and NCL filed cross-motions to compel discovery before an upcoming discovery-related trip to Hawaii. [ECF Nos. 37; 39]. In particular, Frasca sought to compel NCL to respond to interrogatories and identify all prior slip and falls for the five-year period before his fall. [ECF No. 37, pp. 4, 33]. The Court held a hearing on these motions and entered an Order on February 21, 2013, resolving some, but not all, of the parties' discovery disputes. [ECF Nos. 48; 52]. The reason for the partial ruling was because the parties agreed at the hearing to only raise "the discovery issues they deemed important for their Hawaii trip and for the Court to hold a second hearing on the remaining discovery issues, if necessary." [ECF No. 52, p. 2]. For almost a year, Frasca did nothing to resolve the remaining discovery issues, which included these interrogatories.

On January 13, **2014**, Frasca filed a renewed motion to compel seeking to resolve the outstanding discovery issues from February 2013, including compelling NCL to answer the prior slip and fall interrogatories. [ECF No. 122]. After reviewing the motion, however, the Court found that it was literally the same motion to compel Frasca filed in February 2013. [ECF Nos. 37; 122].[1] As such, the Court struck the motion and also noted that Frasca had provided "no explanation as to: . . . how he satisfies Local Rule 26.1(h)'s 30-day filing requirement for discovery motions; why he waited so

---

[1]     Indeed, in his current motion, Frasca's counsel concedes that he erroneously filed the February 2013 motion again in January 2014. [ECF No. 166, p. 3].

long to file the renewed motion; or why he could not have filed the renewed motion sooner." [ECF No. 123, p. 2].

On January 16, 2014, Frasca filed a renewed motion to compel. [ECF No. 124]. But Frasca still did not explain why he delayed re-raising the discovery issues from February 2013. Accordingly, the Court denied his motion as untimely. [ECF No. 127].

On February 7, 2014, Frasca filed another motion to compel NCL to "produce information" regarding prior slip and falls. [ECF No. 146]. This time, Frasca based his argument not on his interrogatories, but on his 30(b)(6) deposition notice. Frasca argued that he had noticed prior slip and falls as a topic in his deposition notice and that NCL had not timely objected. Thus, he contended that NCL should have to "produce information" regarding prior slip and falls.

The Court denied Frasca's motion for three reasons. [ECF No. 165, pp. 11-13]. First, the motion was untimely because it was Frasca's third attempt to seek to compel NCL to produce the same information he sought to compel in February 2013. Second, Frasca could have sought to determine if NCL had deposition objections between the time the 30(b)(6) deposition was initially noticed and the date he says his counsel first received objections, but he did not. Finally, despite its objections, NCL allowed its representative **to answer Frasca's questions about prior slip and falls**.

Frasca seeks reconsideration of this latest order. [ECF No. 166]. He argues that the Court misconstrued his counsel's claim that he did not receive NCL's 30(b)(6)

deposition objections and that he could not have filed a motion regarding these objections because he was out of the country. [*Id.* at p. 2]. He also argues that he could not have raised the February 2013 discovery motion earlier because of NCL's constant change of lawyers at the same firm in charge of this file.

NCL responds that Frasca's excuses for the delay in seeking the relief sought in his February 2013 motion are not well-founded. NCL also points out that its representative *did* answer questions about prior slip and falls for the three-year period before Frasca's accident. [ECF No. 175, p. 2].

## II.    APPLICABLE LEGAL STANDARDS

While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b). *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993); *Williams v. Cruise Ships Catering & Serv. Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357 (S.D. Fla. 2004). "If the motion is served within ten days of the rendition of the judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Williams*, 320 F. Supp. 2d at 1357 (internal citations omitted).

Rule 59(e) sets forth no specific criteria for reconsideration. Nevertheless, the "grounds for granting [a Rule 59] motion are [1] newly-discovered evidence or [2] manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)

(quoting *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999)).[2] A Rule 59(e) reconsideration motion cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.,* 408 F.3d 757, 763 (11th Cir. 2005).

## III.   ANALYSIS

Frasca's reconsideration motion fails for several reasons. First, there was no factual error in the Court's order from which Frasca seeks relief. Second, NCL's representative **has answered** questions regarding prior slip and falls. Finally, to the extent Frasca is improperly attempting to yet again seek information that the Court has ruled he is not entitled to, Frasca's motion is untimely under Local Rule 26.1.

### A.   There was no Factual Error in the Court's Order

Frasca's reconsideration motion is largely based on the Court's purported factual mistakes surrounding NCL's objections to his deposition notice. In particular, the Court noted that Frasca had ample time to file a motion regarding NCL's objections after

---

[2]      Courts in this District have recognized the following *three* grounds for granting a Rule 59 motion: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002); *see also Osorio v. Dole Food Co.,* No. 07-22693, 2010 WL 571806, at *2 (S.D. Fla. Feb. 12, 2010). The Eleventh Circuit has recognized these grounds as exceptions to the law of the case doctrine. *See, e.g., Oliver v. Orange Cnty., Fla.,* 456 F. App'x 815, 818 (11th Cir. 2012) ("Moreover, there are exceptions to the law of the case doctrine, namely, where the defendant can show either (1) new evidence; (2) an intervening change in the law that dictates a different result; or (3) that the prior decision was clearly erroneous and would result in manifest injustice.") (citing *Piambino v. Bailey,* 757 F.2d 1112, 1120 (11th Cir. 1985)).

receiving them. [ECF No. 165, p. 13 n.6]. Frasca now contends that his counsel never received NCL's objections and therefore the Court made a factual error. The Court has reviewed the record and finds that there was no factual error. In fact, Frasca raised this very argument in the motion he now wants to have reviewed again through a reconsideration motion. [*See* ECF No. 146, p. 2].

First, despite Frasca's counsel's contentions that he was out of the country and could not file a motion regarding NCL's objections, he did file other discovery motions around the same time. [*See* ECF Nos. 122; 124]. Second, while NCL's counsel made an error in sending her email with NCL's 30(b)(6) deposition objections to Frasca's counsel's personal email, the email was *also* sent to Frasca's counsel's secretary and other email addresses regularly used by Frasca's counsel and identified on CM/ECF.

Frasca did not, in either his initial motion or his reconsideration motion, file an affidavit from his counsel or his counsel's secretary, confirming that the email had not in fact been received by either of them. The original motion contended that counsel never received the emailed objections and that "it does not appear" that counsel's assistant received the email either. In response, NCL pointed out that Frasca's counsel specifically directed NCL's counsel to direct correspondence to **several** email addresses and that the objections were emailed to all three additional email addresses pinpointed by Frasca's counsel. [ECF No. 152, p. 2, n.4].

After receiving NCL's response to his original motion, Frasca's reconsideration motion did not again allege that his counsel's secretary never received the email. Nor did Frasca challenge the point that his counsel provided the three alternate email addresses for use by NCL and that NCL used those email addresses. Consequently, the Court finds that Frasca has not persuasively demonstrated that his counsel or his counsel's secretary had *no* notice of NCL's objections before the 30(b)(6) deposition began.

Moreover, even if Frasca's counsel and his secretary had both not received notice of NCL's formal objection to the specific category of this 30(b)(6) notice of topics until the January 29, 2014 deposition, he could have contacted the Court by telephone at the beginning of the deposition and requested a ruling. The Court tries to accommodate parties who have discovery disputes arising during depositions by holding telephone hearings during breaks in the deposition. Frasca's counsel did not seek relief at the start of, or during, the 30(b)(6) deposition. Likewise, the discovery cutoff was February 11, 2014, and Frasca could have sought to postpone the deposition so that NCL could produce a 30(b)(6) witness who was prepared to answer questions about prior slip. But this hypothetical relief would have been partially illusory and superficial because the representative who appeared was prepared to answer questions and did in fact answer questions on the topic, albeit not as broadly as Frasca would have liked.

**B.   NCL's 30(b)(6) Representative Testified Regarding Prior Slip and Falls**

Frasca's original 30(b)(6) notice sought, in topic 18, the names and addresses of all individuals who slipped on the same or on a similar surface for a five-year period predating his fall for all vessels in NCL's fleet. That topic is identical to interrogatories Frasca sought to compel in his February 2013 motion.

Despite Frasca's knowledge (for more than a year) of NCL's objection to providing this requested information via interrogatories, NCL's 30(b)(6) designee provided answers on the more-limited inquiry to which it did not object. Indeed, Frasca himself attached a transcript from the 30(b)(6) deposition in which NCL's representative answered questions about slip and falls on the vessel where Frasca fell for the three-year period before Frasca fell. [ECF No. 166, pp. 12-19].

In addition to obtaining this information at the 30(b)(6) deposition, Frasca also obtained testimony from an NCL fact witness who, in a March 9, 2013 deposition, testified that there had been slip and falls on Bolidt surfaces on the ship. Frasca's counsel did not probe further at the deposition, however.

Thus, NCL's representatives have testified regarding prior slip and falls. [*See* ECF Nos. 146, pp. 29-30; 152-4; 165, p. 13; 175]. In his original motion and reconsideration motion, Frasca omits any substantive mention of this fact. Rather, Frasca seeks to compel NCL to "produce information" regarding prior slip and falls based on his 30(b)(6) deposition notice. Frasca does not state that he wants to **re-depose**

NCL's 30(b)(6) representative to get better answers. He wants **information**. The reason for this is clear: Frasca is attempting to use the 30(b)(6) deposition as an end-run around his interrogatories seeking this same information because the Court found that he sought this information untimely. This kind of use of a 30(b)(6) deposition is improper. *See State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 233 n.3 (E.D. Pa. 2008) (30(b)(6) deposition notice was improper because it sought documents which were already identified in a pending document request to which a response was not yet due).

### C.   Frasca's Request is Untimely

As outlined above, this is Frasca's fifth attempt to get NCL to produce information regarding prior slip and falls. The Court understands why he is trying so hard to get this information at the last minute. This information could help show whether NCL was on notice of the condition which Frasca contends caused his slip and fall, but Frasca has failed to explain why he waited so long to try and get this information.

This straight forward slip and fall case has been pending for more than two years -- since February 2012. Put another way, a "rocket-docket" case it is not. And counsel have had ample time to marshal the facts in support of their respective cases. The Court has likewise been more than generous in holding countless discovery hearings to assist counsel to obtain the discovery they needed. But Frasca only first tried to compel this

information in February 2013. At that time, Frasca apparently determined that this information was not so crucial to his case and that he would *possibly* bring it up at a later time. Almost a year went by and Frasca did nothing to pursue this information.

When he finally did move to get this information, Frasca never explained why it took him so long, despite the Court's repeated instructions to do so. In his reconsideration motion, Frasca claims that the delay was due to the constant change in NCL's lawyers in charge of this file, *all of whom are at the same firm*. The Court does not find this explanation reasonable or persuasive.[3] Consequently, the situation in which Frasca finds himself is one of his own making and the Court, yet again, denies his request for this information.

## IV.   CONCLUSION

Frasca's reconsideration motion is **denied**.

**DONE AND ORDERED** in Chambers, in Miami, Florida, March 13, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All Counsel of Record

---

[3]      In its opposition to Frasca's reconsideration motion, NCL argues that Frasca's delay was "caused by his changing litigation theories." [ECF No. 175, p. 2]. NCL notes that Frasca's complaint initially blames the slip and fall on a leaky pipe, that Frasca then changed his theory to "negligent cleaning" and finally settled on "rainwater." The Court's Order is not based on this defense argument.