**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 12-20662-CIV-GOODMAN**

**[CONSENT CASE]**

THOMAS FRASCA,

      Plaintiff,

v.

NCL (BAHAMAS) LTD., et al.,

      Defendants.

_____/

### ORDER ON MOTION TO STAY EXECUTION OF JUDGMENT

This Cause is before the Undersigned on Plaintiff's Motion to Stay Execution of Judgment (the "Motion"). [ECF No. 259]. The Motion is opposed by Defendants. [ECF No. 262]. Having considered the Motion, the opposition, Plaintiff's Reply [ECF No. 265], and the pertinent portions of the record, the Undersigned **GRANTS** the Motion -- provided that Plaintiff deposits 110% of the judgment ($15,472.51) into the Court's Registry.

Local Rule 62.1(a) provides for an automatic stay of execution of judgment pending appeal upon the posting of a supersedeas bond in the amount of 110% of the judgment. In lieu of a surety bond, courts have alternatively accepted deposit of cash with the registry of the Court. *See Shades Ridge Holding Co. v. U.S.*, Nos. CV85-PT-2526-S, CV86-PT-1415-S, 1988 U.S. Dist. Lexis 17244 (S.D. Ala. May 18, 1988).

In the current matter, Plaintiff proposes to hold the deposit of $15,472.51 in his counsel's IOLTA account pending appeal, or, in the alternative, depositing the funds in the Court's Registry. [ECF No. 259]. Defendants oppose Plaintiff's proposal to hold the deposit in counsel's IOLTA account on the grounds that the funds may be difficult to access in the future should an issue with counsel's health arise or separate litigation cause counsel's account to be frozen. [ECF No. 262, p. 2]. The Undersigned has similar concerns despite Plaintiff's counsel's representations of his good standing with the Florida Bar and long record of maintaining an IOLTA account without incident. [ECF No. 265, pp. 1-2]. Therefore, this alternative is rejected.

In the filings, both parties voiced support for the funds being deposited into the Court's Registry as an alternative to a surety bond. Accordingly, the Motion to Stay Execution of Judgment is **GRANTED** and Plaintiff is **ORDERED** to deposit $15,472.51 to the Court's Registry if he wishes to use this method as an alternative to a surety bond pending appeal.

The Undersigned notes Plaintiff's request that the Court direct the Clerk of Court to impose no charges for depositing or withdrawing funds from the Court's Registry. [ECF No. 265, p. 2]. This request is **DENIED**. As outlined in Administrative Order 2013-13,[1] Plaintiff's deposit shall be subject to the same investment services fee and registry

---

[1]     The District Court's Administrative Order can be found at: http://www.flsd.uscourts.gov/wp-content/uploads/adminOrders/2013/2013-13.pdf   (last visited November 12, 2014).

fee assessed against the interest generated by the deposited funds that the District Court

imposes on all moneys submitted to the registry.

      **DONE and ORDERED,** in Chambers, in Miami, Florida, November 13, 2014.


Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE


**Copies furnished to**:
All Counsel of Record