UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

[CONSENT CASE]

CASE NO. 12-20662-CIV-Goodman

THOMAS FRASCA,

    *Plaintiff*,

vs.

NCL AMERICA, LLC,

    *Defendants*.

_____/

### DEFENDANT'S MOTION FOR RECONSIDERATION OF COURT'S ORDER [D.E 292] AND INCORPORATED MEMORANDUM OF LAW

Defendant, NCL AMERICA, LLC ("NCLA"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 59, hereby files its Motion for Reconsideration of the Court's Order [D.E. 292], and in support thereof, states as follows:

### INTRODUCTION

NCLA respectfully requests the Court to reconsider the scope of its Order because the Order is erroneous and unfairly prejudices NCLA, warranting further relief. This is because, among other things, the Court has ordered NLCA to produce discovery regarding prior slip and fall incidents on ships in NCL (Bahamas) Ltd. d/b/a NCL or Norwegian Cruise Lines ("NCLB")'s, fleet which is a non-party to these proceedings.[1] Additionally, the discovery

---

[1] While the Court's Order on Defendant's Motion for Summary Judgment was on appeal, the Eleventh Circuit issued a jurisdictional question. As part of their responses to the jurisdictional question, the parties agreed that the proper party Defendant is NCLA. *See June 18, 2014 Correspondence*, attached hereto as Exhibit "A." Plaintiff stipulated that he would not

ordered is unduly burdensome and will neither reveal admissible evidence nor lead to the discovery of admissible evidence. For these reasons, as well as those set forth more fully below, NCLA respectfully requests the Court to reconsider the subject discovery Order and deny Plaintiff's request for additional discovery.

NCLA is a separate and distinct company from NCLB and has a fleet of one ship – the *Pride of America*. *See Affidavit of Geoffrey Probst*, at ¶4, attached hereto as Exhibit "C." On or about March 19, 2011, NCLB on the other hand, had a fleet of 10 ships. Despite the corporate distinction between NCLA and NCLB, on November 2, 2016, this Honorable Court entered an Order requiring NCLA to provide Plaintiff with information regarding prior slip and falls on decking made of the same material as the deck on which Plaintiff fell for a period of 3 years before Plaintiff's incident. [D.E. 292, p. 2]. The Court's Order further stated that the prior incident search shall include the *Pride of America*, as well as all ships in NCLB's fleet. *Id*. ("the discovery . . . shall include slips and falls on other ships in the fleet."). As explained herein, NCLA respectfully submits that reconsideration is warranted. Knowledge of slip and fall incidents held by NCLB cannot, as a matter of law, be imputed to NCLA, making such information both irrelevant and ultimately inadmissible. As also explained herein, obtaining such information would be extremely burdensome and difficult to ascertain and, at the same time, rewards Plaintiff for a lack of diligence in pursuing this discovery years ago or advancing on appeal this Court's prior rejection of the identical discovery requests. Thus, NCLA respectfully requests the Court to reconsider and vacate its prior ruling and deny Plaintiff's discovery

---

pursue his appeal with respect to NCLB and would proceed solely against NCLA. *Id*. Thereafter, the Plaintiff filed an Amended Complaint which identifies NCLA as the only Defendant. *See Amended Complaint*, attached hereto as Exhibit "B." Accordingly, at this time, the only Defendant to this action is NCLA.

requests.

# MEMORANDUM OF LAW

**I.    Reconsideration is Proper Where There is A Need to Correct Clear Error or Manifest Injustice**

A Court may reconsider a prior ruling when (1) there is an intervening change in controlling law; (2) new evidence is available; or (3) there is a need to correct clear error or manifest injustice. *In re Horizon Organic Milk Plus DHA Omega-3 Mktg. & Sales Practice Litig.*, 2014 U.S. Dist. LEXIS 82342, 7-8 (S.D. Fla. 2014); *Eisenberg v. Carnival Corp.*, 2008 U.S. Dist. LEXIS 56573, 3-4 (S.D. Fla. July 7, 2008). The Court has discretion to reconsider its own prior order. *See Am. Home Assurance Co. v. Glenn Estes & Assocs., Inc.*, 763 F. 2d 1237, 1238-39 (11th Cir. 1985).

**II.   The Discovery Requests the Court Allowed Unfairly and Incurably Prejudices NCLA**

NCLA respectfully contends that reconsideration is warranted. The Court's Order acknowledged NCLA's concern that the discovery at issue (written discovery and an additional 30(b)(6) deposition) prejudices NCLA. [D.E. 292, p. 3] ("The Undersigned acknowledges that NCL contends that this additional discovery will unfairly prejudice it."). The Court sought to ameliorate any potential prejudice by allowing NCLA to seek relief from the Court to refile dispositive motions and/or motions in limine depending upon what is learned in the additional discovery. *Id*. ("If NCL later (after written discovery is provided and the limited 30(b)(6) deposition is taken) still urges the position that the new discovery reopens the need for dispositive motions and/or motions in limine, then it may seek appropriate relief from the Court."). Unfortunately, although the ability to file additional motions will address admissibility at trial, this will not ameliorate the prejudice to NCLA.

Plaintiff had ample opportunity to conduct discovery in this matter to obtain information

regarding prior slip and fall incidents. Plaintiff also questioned Defendant's Corporate Representative about prior incidents during deposition. Nonetheless, Plaintiff did not inquire as to whether the prior incidents were factually similar to Plaintiff's accident or pursue another basis for the admission of prior incidents as evidence. Moreover, Plaintiff repeatedly sought to take additional discovery prior to the entry of Summary Judgment, but this Court denied such attempts as untimely. Specifically, in the Order Denying Plaintiff's Motion for Reconsideration [D.E. 183], the Court denied Plaintiff's motion to compel NCL to respond to interrogatories seeking all prior slip and falls for the five-year period preceding Plaintiff's injury [D.E. 183 at p. 2]. The Court observed that "[f]or almost a year, [Plaintiff] did nothing to resolve the remaining discovery issues, which included these interrogatories." [D.E. 183 at p. 2]. The Court also observed that Plaintiff renewed the virtually identical request but could not explain the basis for the delay and, therefore, struck the untimely motion [D.E. 183 at p. 3]. The Court noted that Plaintiff filed two additional motions to compel and denied the "third attempt" to compel the same information, finding that Plaintiff had already deposed NCL's representative on this very issue [D.E. 183 at p. 3]. The Court then denied Plaintiff's motion for reconsideration and, in any event, NCLA's representative had already answered the questions regarding slip and falls on the vessel at issue [D.E. 183 at p. 5, 8].

In opposing NCLA's Motion for Summary Judgment, Plaintiff asserted the need for additional discovery to explore NCLA's knowledge concerning prior slip and fall incidents [D.E. 156 at 13]. Despite advancing this argument in opposition to NCLA's Motion for Summary Judgment, however, when Plaintiff appealed the Summary Judgment to the Eleventh Circuit, Plaintiff abandoned the discovery issue and did not advance it as a point of alleged error. *See* Composite Exhibit "D." On appeal, Plaintiff had both the opportunity and the obligation to assert

that the inability to obtain adequate discovery undermined the ability to oppose Summary Judgment. However, Plaintiff did not raise any of the discovery rulings on appeal and, therefore, the Eleventh Circuit did not expressly address any discovery issues in its opinion. Indeed, there is nothing within the Eleventh Circuit's decision that mandates further discovery. Rather, the Eleventh Circuit reversed and remanded based upon the existing disputed factual issues within the closed record. NCLA respectfully submits that in light of the scope of the appeal and the Eleventh Circuit's opinion, the Court should deny further discovery and allow the parties to proceed to trial immediately.

Federal courts addressing the issue of whether to allow additional discovery on remand from an appellate court on similar factual circumstances to those present in this matter have properly denied additional discovery. *See e.g., Bakalar v. Vavra,* 851 F. Supp. 2d 489 (S.D.N.Y. 2011); *Vineberg v. Bissonnette*, 548 F.3d 50 (1st Cir. 2008); *Fruge v. Ulterra Drilling Tech., L.P.,* 883 F.Supp.2d 692 (W.D. La. 2012). In *Bakalar*, the court entered a judgment for plaintiff following a bench trial and the appellate court reversed. On remand, the defendants sought to reopen discovery to offer testimony from experts the court had previously excluded. The district court denied the request for additional discovery noting that, like in this case, the defendants did not specifically raise the exclusion of the expert as a point of appellate review when they appealed the adverse judgment. In deciding whether to reopen discovery following remand, the *Bakalar* court also explained that a "significant consideration is whether there has already been adequate opportunity for discovery." *Id.* at 493. Additionally, the *Bakalar* court focused heavily upon the prejudice to the opposing side, ruling that "allowing new testimony would prejudice [plaintiff], increase the already-substantial litigation costs, and further delay resolution of this litigation . . . ." *Id.* at 494. In *Vineberg*, the defendants sought to conduct additional discovery

5

following remand from the appellate court. The *Vineberg* court likewise rejected the defendants' efforts to provide additional expert discovery, holding that "[w]hile Defendants had ample opportunity to support their claims with expert testimony, they failed to exercise diligence in obtaining discovery within the parameters established by this Court." *Id.* at 55.

Similarly, in *Fruge*, the district court denied attempts to obtain additional discovery after the Fifth Circuit reversed a summary judgment and remanded for further proceedings. As the court explained in rejecting a litigant's attempt to reopen discovery, post-remand:

> Looking back at that strategic decision, with 20/20 hindsight and in light of an adverse decision from the Fifth Circuit, Chubb now seeks additional discovery. **But Chubb has presented no authority for the proposition that making an unsuccessful argument before appeal justifies reopening discovery on remand**. . . . The undersigned finds that it would be unfair to permit Chubb to now engage in additional discovery. This Court must now, in accordance with the Fifth Circuit's decision, decide whether a mutual mistake was made, **but the undersigned finds that it should do so based on the record in place at the time that the motions were originally decided.** For these reasons, Chubb's motion [to reopen discovery] is denied.

*Id.* at 701-02 (emphasis added). The circumstances here are much like those confronting the district courts in *Bakalar* and *Fruge*. As in *Bakalar,* this Court originally denied certain discovery requests based upon Plaintiff's lack of diligence. Also like in *Bakalar,* Plaintiff had the opportunity to raise the specific discovery order on appeal, but failed to do so. In reversing summary judgment in this case, the Eleventh Circuit did not intimate that additional discovery was necessary to evaluate whether NCLA had notice of a potential risk of passenger slip and falls occurring upon certain surfaces. On the contrary, the Eleventh Circuit reversed and remanded based upon the evidence existing within a closed record.

Allowing Plaintiff to pursue the same discovery now that he failed to pursue timely not only rewards Plaintiff's lack of diligence, but unduly prejudices NCLA. Along these lines, despite Plaintiff's decision not to appeal this Court's prior discovery ruling, Plaintiff will now

6

have the opportunity to fill evidentiary holes in his case which were pointed out in NCLA's motion for summary judgment. This is fundamentally unfair and constitutes clear undue prejudice that cannot be remedied on plenary appeal. *See Rinker v. Carnival*, 2011 WL 6370085 (S.D. Fla. 2011) (observing a litigant's lack of diligence in pursuing claims and noting that "Plaintiff sought the opinions in the Affidavit only because Carnival's Motion for Summary Judgment pointed out the holes in Plaintiff's evidence."); *Stanford v. Diligent Supported Living, Inc.,* 2014 WL 4988225 (S.D. Ohio Oct. 7, 2014) ("Allowing Defendant to assert the affirmative defense, reverse the grant of summary judgment, and reopen discovery will unduly prejudice Plaintiff who has diligently prosecuted her case and would provide a windfall to Defendant after refusing to engage in discovery."). The additional discovery ordered by the Court therefore results in incurable prejudice to NCLA by providing a "windfall" to Plaintiff, who failed to pursue diligent discovery and then failed to specifically advance the discovery denial as an issue on appeal. NCLA respectfully submits that nothing transpired in this case that justifies revisiting this Court's well-reasoned and unappealed discovery rulings that predated the entry of summary judgment. Rather, the Court should recognize the case as ready to proceed to trial.

**III.    The Discovery Ordered is Not Admissible to Prove Notice**

Reconsideration is also warranted to correct clear error and manifest injustice because the discovery sought would not reveal admissible evidence. Generally, a party may obtain discovery of all matters, not privileged, which are reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). However, discovery is properly denied where the discovery seeks information that would be inadmissible at trial under the Federal Rules of Evidence. *See Reist v. Source Interlink Companies, Inc.,* 2010 WL 4940096, at *2 (M.D. Fla. Nov. 29, 2010). When a discovery request seeks inadmissible evidence, the burden is shifted and

the requesting party is required to make a particularized showing that the discovery is likely to lead to admissible evidence. *Id*. ("This Court agrees that if a discovery request is seeking information subject to exclusion under the Federal Rules of Evidence, such as settlement information, then the burden shifts to the party seeking discovery, requiring them to make a particularized showing of likelihood that admissible evidence will be generated.").

Plaintiff requests discovery of prior incidents that occurred on NCLB's ships to supposedly support the assertion that NCLA had notice of an allegedly dangerous condition. Even assuming *arguendo*, that the discovery revealed a number of prior incidents which occurred on NCLB's ships, such information would be inadmissible to establish NCLA's knowledge because notice cannot be imputed from NCLB to NCLA. *See e.g., Uecker v. Wells Fargo Capital Fin., LLC*, 527 B.R. 351, 364 (N.D. Cal. 2015) (absent an allegation that an affiliated but separate and distinct company exercised control over the company or otherwise maintained an agency relationship, knowledge held by the affiliated company cannot be imputed to the company); *Defer LP v. Raymond James Fin., Inc*. 654 F. Supp. 2d 204, 218-19 (S.D.N.Y. 2009) (refusing to impute knowledge from one corporate entity to another separate corporate entity on the basis that they share the same parent company); *Town N. Bank, N.A. v. Shay Fin. Servs*., Inc., 2014 WL 4851558, at *21 (N.D. Tex. Sept. 30, 2014) ("Plaintiff, however, cites no authority and the Court is aware of none, that stands for the proposition that the mere existence of an affiliated relationship is sufficient to impute the knowledge of one company to another.").

Plaintiff does not allege in the Amended Complaint that NCLA had notice of the alleged dangerous condition because of incidents that occurred on ships owned or operated by NCLB, which is not a party to these proceedings. *See* Exhibit B. Yet, Plaintiff contends that discovery of prior incidents aboard NCLB's vessels is relevant for the purpose of establishing that NCLA was

on notice of the alleged dangerous condition. [D.E. 284, p. 4]. NCLA respectfully submits that because NCLB's knowledge cannot be imputed to NCLA, any evidence that NCLB had knowledge of prior incidents that occurred on NCLB's vessels would be inadmissible. Thus, the burden shifts to Plaintiff who is required to demonstrate how the evidence could be admissible before discovery of the prior incidents is permitted. Plaintiff has not, and cannot, make such a showing. Accordingly, Defendant respectfully seeks reconsideration of the Court's Order [D.E. 292] to correct the clear error of law and manifest injustice.

**IV.     The Discovery Ordered is Unduly Burdensome and Manifestly Unjust**

Reconsideration is also warranted because the discovery ordered by the Court is unduly burdensome and manifestly unjust. The Court's Order requires NCLA to provide Plaintiff with information regarding prior slip and falls on decking made of the same material as the deck on which Plaintiff fell for a period of 3 years before Plaintiff's incident for the *Pride of America*, as well as all ships in NCLB's fleet. [D.E. 292, p. 2].[2] The Court's Order further states that "[i]f NCLA or its counsel in this case has access to databases for other NCL vessels besides the *Pride of America*, then it shall provide the discovery ordered here." *Id*.

However, compliance with this ruling will be extremely complex and burdensome. *See Affidavit of Geoffrey Probst*, attached hereto as Exhibit "C." The incident database for NCLB and NCLA contains general information regarding each reported incident that is investigated on its ships. *Id*. at ¶6. A prior incident search of the database does not normally identify the specific location of an incident nor would it typically identify the flooring surface on which the incident

---

[2] The Court ordered NCLA (a party to this action) to produce discovery from NCLB (a nonparty). NCLB is not a party to this lawsuit and is a separate and distinct company from NCLA. Where a party seeks to obtain discovery from a third party to a lawsuit, the third party must be subpoenaed. *See* Fed. R. Civ. P. 34; *see also* Fed. R. Civ. P. 45.

allegedly occurred. *Id*. Moreover, a prior incident search of the database alone would not typically reveal sufficient information or detail from which a person could determine if any particular incident occurred on the same materials as the deck on which Plaintiff alleged fell. *Id*.

Thus, a prior incident search of the database alone would not yield the information the Court has ordered and several additional steps would be required. *Id*. Rather, to respond to the Court's Order, NCLB would need to review investigative documents (e.g., accident/incident reports, statements, photographs, etc.), in addition to the prior incident search results from the database, in most, if not all, of the alleged prior incidents for every ship for a three-year time period. *Id.* at ¶7. Such review would be undertaken with the hope, but not the certainty, that the information contained in those documents would assist in identifying the specific location of the incident in order to determine which of the numerous flooring ship-surfaces were in that area. *Id*. at ¶7. To accomplish this, NCLB would also need to determine what flooring surface was in place on each ship on the date of each incident. *Id*. This would result in the need to expend significant resources researching the type of flooring surface in place on each ship at the time of the incident in conjunction with the in-house technical departments for each vessel, the ships, and potentially with third party vendors. *Id*. Flooring surfaces vary from ship to ship, are installed at different times, and are sometimes changed. *Id*. Each deck has multiple surface materials (e.g., tile, wood, synthetics, etc.) and there are also likely multiple types of each surface on any given deck (e.g. multiple types of synthetic surfaces or multiple types of tile). *Id*. Even if the exact location of a two or three-year old incident could be determined, identifying the current type of flooring surface in the area would not necessarily identify the type of deck material present at the time of the incident. *Id*. Therefore, an additional search would need to be conducted to determine the nature and type of each flooring surface at the relevant time period.

Case 1:12-cv-20662-JG   Document 313   Entered on FLSD Docket 11/14/2016   Page 11 of 15

CASE NO. 12-20662-CIV-Goodman

*Id*. All of the foregoing steps would take the dedicated efforts of multiple people over a number of weeks or months depending on the amount of information returned by a general prior incident search of the database and a subsequent review of investigative documents, which may or may not reveal the specific location of each incident. NCLB does not have the staff to conduct such an inquiry and would require outside counsel to participate in the search. *Id*. at ¶8. The exact cost of conducting the type of search that would be necessary to comply with the Court's Order cannot be accurately estimated at this stage. *Id*. at ¶9. However, at a minimum, it is anticipated that the search would cost many thousands of dollars to accomplish. *Id*.

NCLA respectfully requests the Court to reconsider its ruling to avoid this undue burden. It is well-settled that a party is not required to compile or create documents in order to respond to discovery. *See Am. Gen. Life Ins. Co. v. Vistana Condo Owners Ass'n*, 2014 U.S. Dist. LEXIS 67571, at *8 (D. Nev. May 16, 2014) ("A party, however, is not required to create a document where none exists."); *Goolsby v. Carrasco*, 2011 U.S. Dist. LEXIS 71627, at *7-8 (E.D. Cal. Jul. 5, 2011) (finding that a request which would require the defendant to create a roster of all employees who supervised the prison cage yard is not a proper request under Fed. R. Civ. P. 34).

Further, the Court's Order necessarily calls for the production of information relating to any slip and fall regardless of the type of transitory substance (e.g. oil, food, paper, towels, etc.) that may have caused it. The issue is in this case is not whether the floor in question was slippery under any circumstance. In fact, any flooring surface can be slippery regardless of whether it complies with applicable standards for co-efficient of friction depending on the transitory substance involved. For instance, oil spilled on virtually any walking surface will make it slippery but will not necessarily render the flooring surface *unreasonably* slippery. The allegation in this case is that NCLA was negligent because the deck was unreasonably slippery

when **wet due to rain water**. Therefore, discovery of prior slip and falls on substances such as ice cream or suntan oil would require NCLA to incur significant expense without revealing any relevant or admissible information.

Moreover, even if Plaintiff was entitled to introduce at trial evidence of a slip and fall that occurred in a transitory substance other than water, NCLA would then need to address differences among various substances and the risk posed, which would likely require additional expert testimony. Thus, in addition to being extremely burdensome, the discovery at issue is overbroad and not proportional to the needs to this case. *See e.g., Sheets v. Sorrento Villas,* 2016 U.S. Dist. LEXIS 69227 (M.D. Fla. 2016) ("Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are non-privileged, relevant to any party's claim or defense, **and proportional to the needs of the case**." Citing Fed. R. Civ. P. 26(b), emphasis added). Ultimately, the discovery at issue, comprised of slip and falls for the past three years on NCLB vessels is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, is out of proportion to the Plaintiff's needs in this case, and allows Plaintiff to capitalize upon the very lack of diligence this Court highlighted when it denied these requests before the appeal. The Court should revisit its ruling and deny Plaintiff's discovery request.

## V. Request for Hearing

Pursuant to Local Rule 7.1(b), Defendant respectfully requests a one-hour hearing on the issues raised in the instant motion. A hearing is desired, and would be helpful to the Court, due to the extensive procedural history in this matter and the nuances involved in explaining the burdensomeness of the discovery ordered – which is the subject of Defendant's motion for reconsideration. Therefore, Defendant respectfully submits a hearing on its motion.

WHEREFORE, Defendant, NCL America, LLC, respectfully requests that this Honorable Court reconsider its Order [D.E. 292] and enter an Order denying Plaintiff's request for additional discovery of prior incidents occurring aboard NCL (Bahamas) Ltd.'s vessels and prohibiting Plaintiff from a second 30(b)(6) deposition, and for any and all further relief this Court deems just and proper.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1 (a) (3)**

Undersigned counsel for Defendant hereby certifies that they have conferred with counsel for Plaintiff who is opposed to the relief requested herein.

Dated: November 14, 2016
Miami, Florida

Respectfully submitted,

| **FOREMAN FRIEDMAN, PA** | **GRAY ROBINSON, PA** |
|---|---|
| By: /s/ Noah D. Silverman | By: /s/ Jack R. Reiter |
| Jeffrey E. Foreman, Esq. | Jack R. Reiter, Esq. |
| Florida Bar No. 0240310 | Florida Bar No.: 0028304 |
| jforeman@fflegal.com | jack.reiter@gray-robinson.com |
| Noah D. Silverman. Esq. | Jordan S. Kosches, Esq. |
| Florida Bar No. 0401277 | Florida Bar No.: 49881 |
| nsilverman@fflegal.com | jordan.kosches@gray-robinson.com |
| Rachael Mitchell Fagenson, Esq. | 333 SE 2nd Avenue, Suite 3200 |
| Florida Bar No. 91868 | Miami, Florida 33131 |
| rmitchell@fflegal.com | Phone: 305-416-6880 |
| One Biscayne Tower, Suite 2300 | Fax: 305-416-6887 |
| 2 South Biscayne Boulevard | |
| Miami, Florida 33131 | |
| Phone: 305-358-6555 | |
| Fax: 305-374-9077 | |
| *Attorneys for Defendant* | *Attorneys for Defendant* |

CASE NO. 12-20662-CIV-Goodman

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 14, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

By: /s/ Jack R. Reiter

# SERVICE LIST
### CASE NO.  12-20662-CIV-Magistrate Judge Jonathan Goodman

Michael F. Guilford, Esq.
mfguilford@crewcounsel.com
Michael F. Guilford, P.A.
Courthouse Tower, Suite 750
44 West Flagler Street
Miami, Florida 33130
Phone: 305-539-1999
Fax: 305-539-1998

*Attorney for Plaintiff*

Philip D. Parrish, Esq.
phil@parrishappeals.com
Philip D. Parrish, P.A.
7301 SW 57th Court, Suite 430
Miami, Florida 33143
Phone: 305-670-5550
Fax: 305-670-5552

*Attorney for Plaintiff*

Jeffrey E. Foreman, Esq.
jforeman@fflegal.com
mfonticella@fflegal.com
oricardo@fflegal.com
Noah D. Silverman, Esq.
nsilverman@fflegal.com
Rachael Mitchell Fagenson, Esq.
rmitchell@fflegal.com
crcano@fflegal.com
Foreman Friedman, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, Florida 33131
Phone:  305-358-6555
Fax:  305-374-9077

*Attorneys for Defendant*

Jack R. Reiter, Esq.
jack.reiter@gray-robinson.com
Jordan S. Kosches, Esq.
jordan.kosches@gray-robinson.com
Gray Robinson, PA
333 SE 2nd Avenue, Suite 3200
Miami, Florida 33131
Phone: 305-416-6880
Fax: 305-416-6887

*Attorneys for Defendant*