UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 12-20662-CIV-GOODMAN
[CONSENT CASE]

THOMAS FRASCA,

    Plaintiff,

v.

NCL AMERICA, LLC.
et al.,

    Defendants.
_____/

## ORDER ON RECONSIDERATION MOTION RE: ADDITIONAL DISCOVERY

Defendant NCL America, LLC ("NCLA") filed a motion for reconsideration [ECF No. 313], asking the Undersigned to reconsider an earlier Order [ECF No. 292] authorizing Plaintiff Thomas Frasca ("Frasca") to obtain additional discovery (while providing a safety valve designed to address any undue prejudice to NCLA. Frasca responded [ECF No. 320]. Both parties accepted the Court's invitation to submit three under-seal questions for the Court's possible use at a hearing, and the Court asked five of the six questions submitted during a hearing which lasted almost two hours. [ECF No. 325].

During the hearing, both NCLA and Frasca reminded the Undersigned of my broad discretion and inherent authority. NCLA urged me to use this authority to grant

the motion for reconsideration, while Frasca flagged the additional discovery as a topic for which this authority could be exercised. He also advised that the ample discretion would similarly permit me to review and reconsider earlier discovery orders I entered before entering summary judgment (a decision which the appellate court reversed).

United States Magistrate Judge Ronald Guzman provided a useful summary of the substantial discretion trial courts enjoy when resolving discovery issues in *American Family Mutual Insurance Company v. Roth*, No. 05 C 3839, 2010 WL 3397362, at *2 (N.D. Ill. Aug. 25, 2010). Because I find his outline insightful and appropriate for the instant reconsideration motion, I quote a relevant portion here:

> Discretion denotes the absence of a hard and fast rule. *Langnes v. Green*, 282 U.S. 531, 541, 51 S. Ct. 243, 75 L.Ed. 520 (1931); *Pruitt v. Mote*, 472 F.3d 484, 2006 WL 3802822 (7th Cir. 2006); *Rogers v. Loether*, 467 F.2d 1110, 1111–12 (7th Cir. 1972) (Stevens, J.). Indeed, on virtually identical facts, two decision makers can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *United States v. Banks*, 546 F.3d 507, 508 (7th Cir. 2008). *See also Johnson v. Daley*, 339 F.3d 582, 593–594 (7th Cir. 2003) ("the district judge's substantial discretion, *see Hensley v. Eckerhart*, 461 U.S. 424, 437–38, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), which implies deferential appellate review of fee awards, ensures inconsistency.").

*Id.*

Based on the circumstances here, I choose to exercise my discretion by granting in part and denying in part NCLA's motion for reconsideration.

Specifically, the Order on Additional Discovery is modified, as follows:

NCLA shall, by December 13, 2016, advise Frasca in writing (in an affidavit or declaration) of the specific surface in question.[1] NCLA shall also, by December 23, 2016, provide a list of all NCLA and NCLB[2] ships which had that flooring surface on March 19, 2010, the day Frasca fell while on the *Pride of America* cruise ship. By December 30, 2016, Frasca shall advise NCLA's counsel in writing of the three vessels[3] (in addition to the *Pride of America)* for which it seeks written discovery -- as required by my November 2, 2016 Order on Additional Discovery. [ECF No. 292]. NCLA shall then provide the written discovery (i.e., concerning prior slips and falls on the specific type of Bolidt-manufactured surface at issue) by January 23, 2017.

Thus, the Undersigned is modifying the earlier-issued Order on Additional Discovery by **narrowing** (from fleet-wide discovery to discovery concerning, at most,

---

[1]     In an earlier answer [ECF 327-2] responding to an interrogatory requesting a detailed and specific identification of the composition of the surface where Frasca fell, NCLA's response was "the deck surface in the subject area was Bolidt which was installed in 2005." However, in a post-appeal memorandum [ECF No. 290, p. 7], NCLA argued that "Bolidt is not a type of material, but rather the name of a **manufacturer** of **numerous** flooring products with **multiple** different types of surfaces." (emphasis added). Although Frasca's counsel explained at the hearing that an NCLA captain testified in a deposition that "Select Soft" is the specific Bolidt-made material installed on the deck where Frasca slipped, the Undersigned wants to make certain that this is in fact the surface at issue.

[2]     NCL (Bahamas) Ltd., d/b/a NCL, a former named Defendant in this lawsuit.

[3]     Of course, it may turn out that less than three vessels had decks with the relevant surface as of March 19, 2010.

four vessels) the written discovery which must be produced to Frasca. The remainder of the Order on Additional Discovery remains intact.

The relief provided here (i.e., granting, but only in part, NCLA's motion for reconsideration) is consistent with a discovery order entered by Magistrate Judge Andrea M. Simonton in *Guevara v. NCL (Bahamas) Ltd ("NCLB")*, Case No. 15-24294 (S.D. Fla. Jul. 15, 2016) [ECF No. 31]. NCLA's counsel in this case was also defense counsel in *Guevara*. Judge Simonton's Order used a similar three-additional-ship sampling in a slip and fall case in which Plaintiff was seeking discovery of prior slips and falls involving the same faux wood surface. The surface at issue there was Bolidt Future Teak, not the Bolidt Select Soft which, at least for now, appears to be the surface at issue here. In *Guevara*, NCLB raised the same unduly burdensome argument that NCLA[4] raises here -- yet it was able to locate the information.[5]

---

[4] Frasca argues [ECF No. 320] that "NCL treats itself as one entity" and that there is a "clear comingling of entities," at least as to discovery matters. He notes that both NCLA and NCLB use the same legal department and the same claims management department with the same database in the handling of shipboard accidents/incidents and claims. He also notes that NCLB and NCLA (when both were defendants in this case) designated a single corporate representative to act as their Rule 30(b)(6) designee.

[5] This Order is also based on the entire record, including motions, memoranda, hearing transcripts, the Complaint, the Amended Complaint, discovery responses, oral argument, expert reports and discovery. *See generally Lucas v. W. W. Grainger, Inc.*, 257 F.3d 1249, 1256 (11th Cir. 2001) (appellate court "need not decide whether the district court properly resolved that issue if there is another basis for affirming its judgment" because affirmance may be based "'on any ground that finds support in the record'").

The Undersigned recognizes that the date for production is after the already-extended mediation deadline. If the parties wish to again extend the mediation deadline to address developments flowing from the possible production of additional written discovery, then they may file a motion seeking additional time.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on December 7, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record